MARY CONNICK ET VIR., RESPONDENTS, v. JOHN F. CRAIG, INCORPORATED, APPELLANT.

Submitted May 29, 1930—Decided February 11, 1931.

For the appellant, *Edward A. Markley.*

For the respondents, *Frank P. McCarthy.*

PER CURIAM.

This suit was instituted in the Hudson County Court of Common Pleas to recover compensation for injuries received by the plaintiff Mary Connick. The husband joined in the suit to recover compensation for the medical expenses incurred by him in the treatment of those injuries and for the loss of his wife's services resulting therefrom. The trial resulted in a verdict in favor of the plaintiffs. An appeal from the judgment entered thereon was taken to the Supreme Court, and the judgment was there affirmed. The present appeal is from the judgment of affirmance.

The only ground upon which we are asked to reverse the judgment under review is that there was no evidence submitted at the trial showing any negligence producing the accident on the part of the defendant corporation, and that therefore the motion of the defendant to nonsuit the plaintiffs and the motion to direct a verdict in favor of the defendant should each of them have been granted.

It appeared in the proofs that the plaintiffs were tenants occupying a house in Jersey City owned by one Lehman. The latter employed the Craig Corporation to install a heating system in the premises while the plaintiffs were in the possession thereof. The defendant company removed the flooring of the kitchen for the purpose of laying pipes, cutting tongues and grooves in the beams, in order to enable it to install the pipes. After the work of installing the pipes was completed, the employes of the defendant company replaced the flooring, and there was evidence to show that this work of replacement was negligently done. After it had been completed, Mrs. Connick undertook to walk across the floor from the kitchen to the dining room, and while doing so, one of the boards gave way, causing her leg to go through the break and quite severely injuring her. The question of whether or not the flooring was carefully replaced or whether the act of replacement was negligently done, was clearly one for the jury to determine in view of the proof already referred to; and this being so, it was perfectly proper for the trial court to refuse the motions to nonsuit and to direct a verdict. The law is settled that where work of this kind is done by a contractor exercising an independent employment under a contract made with the owner of the property and using his own servants in the carrying on of the work, he is liable to a third person who is lawfully upon the premises as a tenant, for injuries resulting from the negligence of his servants in the performance of the work required by the contract. This was the view which led the Supreme Court to affirm the judgment there under review, and in our opinion the action of that tribunal was proper.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CAMPBELL, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 11.

*For reversal*—None.